IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAKE AYERS, JR., ET AL.                                                                        PLAINTIFFS

and

UNITED STATES OF AMERICA                                                      PLAINTIFF/INTERVENOR

V.                                                                          CIVIL ACTION NO. 4:75CV9-B-D

HALEY BARBOUR, GOVERNOR,
STATE OF MISSISSIPPI, ET AL.                                                                   DEFENDANTS

**ORDER**

Presently before the court is class counsel's report and motion regarding attorneys' fees. On February 15, 2002, this court entered an order approving the Settlement Agreement which included a provision for attorneys' fees determined to be reasonable by the State of Mississippi and class counsel in the amount of $2,500,000. The court allowed class counsel a certain period of time to agree to the allocation of these funds and stated that it would determine the allocation in the event the attorneys were unable to reach an agreement. Five of the six lawyers and organizations that have represented the private-plaintiff class negotiated with the State and agreed to a proposed division of the funds. The consenting attorneys and firms are North Mississippi Rural Legal Services (NMRLS), Center for Law & Education (CLE), Isaac Byrd, Robert Pressman, and Armand Derfner. Alvin Chambliss is the only attorney who neither participated in the discussions nor ratified class counsel's proposal despite repeated invitations to participate in the negotiations. The proposed division nevertheless provides for what the Fifth Circuit Court of Appeals has called a "significant share for Mr. Chambliss." *Ayers v. Barbour*, 358 F.3d 356, 377 n.31 (5th Cir. 2004).

The consenting attorneys and the State of Mississippi have submitted to the court a table showing the total amount proposed for each counsel, the amount received in interim fees, and the net amount remaining to be paid. The work of Mr. Chambliss and Mr. Pressman is split since both were staff attorneys for organizations up through the latter part of 1995. Compensation for the work performed by Chambliss and Pressman while they were staff attorneys goes to their organizations – Chambliss with NMRLS and Pressman with CLE. The breakdown is as follows:

| Name | Total | Interim Fee | Remainder |
|---|---|---|---|
| NMRLS | $1,110,000.00 | $22,500.00 | $1,087,500.00 |
| CLE | $510,000.00 | $22,500.00 | $487,500.00 |
| Chambliss | $240,000.00 | $45,000.00 | $195,000.00 |
| Pressman | $220,000.00 | $45,000.00 | $175,000.00 |
| Derfner | $200,000.00 | $45,000.00 | $155,000.00 |
| Byrd | $150,000.00 | | $150,000.00 |
| Settlement Expenses | $70,000.00 | $70,000.00 | |
| | $2,500,000.00 | $250,000.00 | $2,250,000.00 |

The parties stated to the court that they arrived at these amounts by first subtracting settlement expenses[1] and then providing two thirds of the fee to the two organizations which carried the case through late 1995. One third of the fee is assigned to the four individual attorneys who carried the case after that date and who obtained the Settlement Agreement. The allocation of the one third among the four individual attorneys was based on the assumption that Chambliss, Pressman, and

---

[1]The breakdown table presented by the consenting parties places the $70,000 amount for settlement expenses in the remainder column. Such placement results in the remainder column total being $70,000 in excess, while the interim fee column is $70,000 in deficit. The court can, thus, only assume that a typographical error has occurred and that the $70,000 amount has been misplaced and should fall under the interim fee column. The court has made this adjustment in the table above.

Derfner spent a similar number of hours working on the case after NMRLS withdrew from the case, and the court finds that very reasonable to Mr. Chambliss; and the parties proposed that Byrd spent numerous hours while serving as lead counsel during the monitoring and settlement negotiation phases of the litigation. Pressman, Derfner, and Byrd agree to the allocation which assigns a larger share to Chambliss.

Shortly before the consenting parties filed the present motion, Chambliss filed, on behalf of the private plaintiffs, a motion to "strike, delete, or otherwise expunge Lillie B. Ayers' class counsel from the attorneys' fee controversy." Chambliss simultaneously filed a similar motion in the Court of Appeals for the Fifth Circuit. In affirming this court's approval of the Settlement Agreement, the Fifth Circuit denied the motion, and this court ruled in accordance noting that "[t]he Fifth Circuit . . . explicitly rejected Mr. Chambliss' assertion that he is entitled to proceed separately regarding attorneys' fees. Ayers v. Barbour, 358 F.3d 356, 359 (5th Cir. 2004). The court found that 'the parties settled the class's attorneys'-fees claim along with the rest of this case.' Ayers, 358 F.3d at 377."

As mentioned, Chambliss refused to participate in the negotiations regarding attorneys' fees although urged to do so, and he has failed to state a basis for his opposition. He simply asserts that he is entitled to have his fee determined by this court.[2] Although Mr. Chambliss worked on this case for more years than any of the other attorneys involved in the attorneys' fee issues, he was on salary from North Mississippi Rural Legal Services until NMRLS withdrew from the case in 1995. He is not entitled to a portion of attorneys' fees for the period of time he received his regular salary from

---

[2]The Fifth Circuit noted that Chambliss also asserts "that he should be compensated at the same level as the lawyers who represented Mississippi in its tobacco litigation." Ayers, 358 F.3d at 376-77.

3

NMRLS, just as the U.S. Justice Department lawyers who worked on the case for many years are not entitled to attorneys' fees, and they have asked for none. The Fifth Circuit found that a claim for attorneys' fees "is a single claim possessed by the client." *Id.* Since the parties settled the class' claim for attorneys' fees along with the rest of the case, Chambliss is not entitled to proceed separately regarding attorneys' fees. Though Chambliss clearly expressed an intent not to participate in the negotiations, he has not contested the specific amount set aside for attorneys' fees in the Settlement Agreement; nor has he stated any opposition to the actual amount allocated to him in the consenting parties' proposal.[3] As Chambliss has presented no specific arguments against the actual dollar amounts proposed by the consenting parties and because the court finds the allocation to be inherently fair – especially considering that the parties have proposed a larger share for Chambliss – the court is compelled to rule in favor of the proposal. The court finds that the allocation proposed by the consenting parties is fair and shall be approved.

The Settlement Agreement provides that the fee award may be paid in installments. Each installment shall be divided pro rata according to the "Remainder" column in the table above. As of this date, the Board of Trustees of State Institutions of Higher Learning has deposited $1,000,000

---

[3] In the present motion, the consenting parties hypothetically anticipated and rebutted Chambliss' possible arguments, and the court is persuaded by their positions in this regard. First, if Chambliss were to argue that he is entitled to be paid personally for some of the fees being awarded to NMRLS while he was a staff attorney with that organization, his position is without merit according to *Jordan v. Greenwood*, 808 F.2d 1114, 1117 (5th Cir. 1987) (holding that a staff attorney was not entitled to a portion of an awarded fee for work performed while employed by a legal services corporation but was entitled to a portion for his services performed after he left the corporation). Second, if Chambliss were to argue that his post-1995 work warrants a greater portion of the one third allocated to the individual attorneys, this position is likewise without merit because he has been given credit for more post-1995 hours than the post-1995 hours documented by Pressman or the total hours of Derfner (since 1993). Further, the consenting parties agree to this allocation despite the fact that Chambliss has presented no time records for the court's review and despite the fact that he refused to participate in the attorneys' fee negotiations.

4

earmarked for attorneys' fees into the registry of the court. The court approves the proposed allocation *in toto* and directs the Clerk of Court promptly to distribute pro rata the $1,000,000 installment.

Accordingly, it is **ORDERED AND ADJUDGED**

1. That class counsel's report and motion regarding attorneys' fees is **GRANTED**, and the allocation of attorneys' fees proposed by the consenting parties is **APPROVED**.

2. That the Clerk of Court shall promptly disburse pro rata the $1,000,000 installment as outlined below:

| Name | Pro Rata Disbursement |
|---|---|
| North Mississippi Rural Legal Services | $483,300.00 |
| Center for Law and Education | $216,700.00 |
| Alvin Chambliss | $86,700.00 |
| Robert Pressman | $77,800.00 |
| Armand Derfner | $68,900.00 |
| Isaac Byrd | $66,600.00 |

3. That the Clerk of Court shall add accrued interest at the legal rate to each disbursement outlined in paragraph 2 above.

SO ORDERED this, the 13th day of May, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**